IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

JOHN DAVID MCBRIDE,

      Petitioner,

v.                                     Civil Action No.  3:08cv246

GENE M. JOHNSON,
DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS,

      Respondent.

## MEMORANDUM OPINION

Petitioner John David McBride, a Virginia inmate proceeding *pro se*, brings this petition

for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1] McBride challenges his

convictions for one count of carnal knowledge by intercourse of a child less than fifteen years of

age and one count of carnal knowledge by fellatio of a child less than fifteen years of age.

Respondent filed a Rule 5 Answer and Motion to Dismiss (Docket No. 5), providing McBride

with appropriate *Roseboro* notice. (Docket No. 8.)  Respondent contends that the matter is barred

by the statute of limitations.  McBride responded to the motion (Docket No. 10) and the matter is

ripe for adjudication.  Jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2254.

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an
> application for a writ of habeas corpus in behalf of a person in custody pursuant to the
> judgment of a State court only on the ground that he is in custody in violation of the
> Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

## I. Procedural History

On August 31, 2001, McBride was convicted in the Circuit Court for the County of

Fairfax ("Circuit Court") of carnal knowledge by intercourse of a child less than fifteen years of

age, and carnal knowledge by fellatio of a child less than fifteen years of age. The Circuit Court

sentenced McBride to a term of seven years of incarceration on each charge, to run consecutively,

pursuant to Sentencing Orders entered on September 17 and 19, 2001. (Docket No. 6, Ex. A.)

On October 17, 2001, McBride noted his appeal, which the Court of Appeals of Virginia

dismissed on February 5, 2002, as improperly perfected. (Docket No. 6, Ex. C.)

McBride filed a petition for a writ of habeas corpus on September 30, 2002, asserting

ineffective assistance of counsel and denial of his right to appeal. The Supreme Court of

Virginia granted McBride a delayed appeal to the Court of Appeals of Virginia on March 24,

2003. On December 7, 2004, the Court of Appeals of Virginia affirmed both of McBride's

convictions. *McBride v. Commonwealth*, 605 S.E.2d 773 (Va. App. 2004). McBride appealed

the decision of the Court of Appeals of Virginia to the Supreme Court of Virginia, which refused

his appeal by order of April 29, 2005. The Supreme Court of Virginia denied McBride's petition

for rehearing on June 17, 2005.

Richard Gardiner represented McBride in his appeal to the Supreme Court of Virginia,

and subsequently Judge Stanley P. Klein of Fairfax Circuit Court appointed Gardiner to represent

McBride in his second petition for a writ of habeas corpus.[2] (Docket No. 9, Ex. 1.) Gardiner

---

[2] The Supreme Court of Virginia, in granting McBride a delayed appeal to the Court of Appeals of Virginia, dismissed McBride's first petition for a writ of habeas corpus "without prejudice to [McBride's] right to file a subsequent petition for a writ of habeas corpus limited to the ground or grounds assigned" in the first petition. March 23, 2003 Order of the Supreme Court of Virginia (Docket No. 1, Ex. 2).

2

filed a petition for a writ of habeas corpus on McBride's behalf in Fairfax County Circuit Court on February 28, 2006. (Docket No. 6, Ex. B.) A hearing on the petition occurred before Judge Stanley Klein on September 29, 2006. (Docket No. 9, Ex. 1.) Judge Klein issued a Final Order dismissing McBride's petition on December 1, 2006. (Docket No. 6, Ex. D.)

On April 23, 2008, McBride filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, with the United States District Court for the Eastern District of Virginia.[3] On April 30, 2008, the undersigned Magistrate Judge issued an order filing McBride's petition. (Docket No. 3.)

In the Petition McBride raises the following claims, as presented below, with punctuation and spelling edited for clarity:

> Claim One: Fraud and perjury by Judge Stanley P. Klein and Attorney Richard E. Gardiner
>
> > I am unable to file any motions or petitions as the Fairfax Circuit Court refuses to produce the complete record of the case. (Pet. 6.)
>
> Claim Two: Ineffective assistance of counsel
>
> > Richard E. Gardiner failed to disclose past association with Judge Stanley P. Klein, failed to disclose he was not qualified to file Petition for Habeas Corpus. Failed to disclose missing criminal case file or address issue. Failed to address issue of case having been nolle prossed and no supporting documents for the court's claim that the case had ever been continued after Nov. 17th, 2000. (Pet. 6-7.)

---

[3] The Court considers a prisoner's habeas corpus petition filed on the date he delivers his petition to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266 (1988).

Claim Three: Ineffective counsel Michael Sprano, Fairfax Public Defender's Office, and Richard E. Gardiner, appointed counsel

> The alleged indictments are not true bills as they have been altered. The alleged transcript from when court claims amendment granted has no date matter was heard and shows unknown speaker on behalf of William E. Hassan. (Pet. 9.)

Claim Four: Violation of Rule 5A

> Failure by the Fairfax Circuit Court to provide an[] adequate and complete record of the cases. (Pet. 11.)

Claim Five: Violation of Rule 5A:18

> The trial judge failed to omit[] elements of the crimes alleged to the jury. . . . The allegation of carnal knowledge is without the use of force. Without the use of force was left out of the jury instructions which is prejudicial to a defendant as a jury may assume force being used or rape. (Pet. 12.)

Claim Six: Ineffective Counsel for Failing to Raise Issues of Rule 5A8

> If the Fairfax Circuit Court cannot produce the alleged motion and order to continue the cases from November 17th, 2000, or the alleged order for DNA testing, then any conviction would clearly be invalid. (Pet. 12.)

Claim Seven: [Insufficient Record]

> The Fairfax Circuit Court claims to have heard a motion to amend Jan. 29th, 2001. However, the court cannot provide any evidence as to who appeared. . . . [T]he transcript Fairfax claims to be from this matter shows an unknown speaker on behalf of [William] Hassan and has no date as to when the alleged motion was heard. (Pet. 12.)

## II. Analysis

### A. Time Bar

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 101 of the AEDPA amended 28 U.S.C. § 2244 to require a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

(1)     A 1- year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

     (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

     (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

     (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

McBride's conviction became final on September 15, 2005, ninety days after the Supreme Court of Virginia denied his petition for rehearing.[4]  Under the AEDPA, McBride had one year to file a federal habeas petition.  The statute of limitations tolled while McBride pursued his petition for habeas corpus in the Fairfax Circuit Court from February 28, 2006, until December 1, 2006, when the Final Order dismissing the petition was entered.  28 U.S.C. §2244(d)(2). Therefore, the statute of limitations for filing a federal habeas petition ran on June 18, 2007. McBride filed his federal habeas petition on April 15, 2008, ten months beyond the limitation

---

[4] A conviction is "final" under 28 U.S.C. § 2244(d)(1)(A) after the time expires for seeking a petition for a writ of certiorari to the Supreme Court of the United States.  The time for seeking a petition for a writ of certiorari is ninety (90) days, and so the date on which McBride's conviction became "final" is ninety days after the Supreme Court of Virginia denied his petition for a rehearing on June 17, 2005. *See* Sup. Ct. R. 13(1); *see also Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000).

period. McBride's petition is time barred unless he demonstrates that he is entitled to tolling of the limitation period.  28 U.S.C. § 2244(d)(1).

## B.    Equitable Tolling

Equitable tolling of the AEDPA's statute of limitations is "reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

McBride makes no valid argument as to why the court should equitably toll the statute of limitations.  In his § 2254 Petition, McBride refers to a letter from the Supreme Court of Virginia in explaining why his petition is timely under the AEDPA. The October 14, 2003 letter from Douglas Robelen, Chief Deputy Clerk of the Supreme Court of Virginia, advises McBride that his first habeas petition was no longer pending in the Supreme Court of Virginia, and that he should pursue his direct appeal to the Virginia Court of Appeals. (Docket No. 1, Ex. 1.) However, McBride does not suggest, and the record does not indicate, that this letter constituted a basis for setting aside the limitation period required by 28 U.S.C. § 2244(d)(2).  The statute of limitations was not running while McBride pursued his first and second habeas petitions, nor while he pursued direct review of his conviction after the Supreme Court of Virginia granted him a delayed appeal to the Court of Appeals.  Therefore, McBride fails to show why this letter from

the Supreme Court of Virginia, or any other circumstance, should toll the statute of limitations under the AEDPA.

McBride has been actively litigating this case since his conviction, and he proffers no legitimate reason why he could not have filed his federal habeas petition prior to the statute of limitations running on June 18, 2007. Therefore, McBride's petition has no grounds for an equitable tolling of the statute of limitations.

### III. Conclusion

For the reasons stated above, the Respondent's motion to dismiss (Docket No. 5) as time barred is GRANTED. Accordingly, the Petition will be DISMISSED.

An appropriate order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: 11/3/08
Richmond, Virginia

7