IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN DAVID MCBRIDE,

    Petitioner,

v.                                        Civil Action No. 3:08cv246

GENE JOHNSON,

    Respondent.

## MEMORANDUM OPINION

John David McBride, a Virginia prisoner proceeding *pro se*, brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 3, 2008, this Court entered an Order (Docket No. 34) and accompanying Memorandum Opinion ("Mem. Op.") (Docket No. 33) granting Respondent's motion to dismiss on the basis that McBride's habeas petition was untimely filed. McBride has filed several motions in this Court since the entry of that Order.

### I. Motion to Reconsider Under Rule 59(e)

The Court is now in receipt of McBride's "Demand to Reconsider" (Docket No. 35), which shall be construed as a motion to alter or amend the judgment under Rule 59(e)[1] because it was filed on November 10, 2008, less than ten days after the entry of this Court's Order dismissing the petition. *See Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978) (holding that Rule 60(b) is inapplicable to motions served within ten days of entry of judgment); *MLC Auto.,*

---

[1] "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

*LLC v. Town of Southern Pines*, 532 F.3d 269, 277-78 (4th Cir. 2008) (noting that the Fourth Circuit continues to apply *CODESCO* despite changes to Federal Rule of Appellate Procedure 4 regarding the tolling of time for appeal upon filing a motion for relief under Rule 60).

District courts have discretion to grant Rule 59(e) motions under limited circumstances including when new evidence arises that was not available at trial or when a court should "correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). However, Rule 59(e) may not "be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*

### A. Factual and Procedural Background

Petitioner urges that the Court erred in calculating the amount of time during which the statute of limitations tolled while he sought state habeas corpus review for purposes of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA provides that a prisoner seeking a writ of habeas corpus has one year to seek federal habeas review from the time his conviction becomes "final." 28 U.S.C. § 2244(d)(1). That statute of limitations is tolled, however, during the time that "a properly filed application for State post-conviction or other collateral review . . . is pending." *Id.* § 2244(d)(2).

In its November 2008 decision, this Court made the finding that the statute of limitations tolled from the time McBride filed his petition for habeas corpus in the Fairfax Circuit Court on February 28, 2006, until a Final Order dated December 1, 2006, dismissed the petition. (Mem. Op. 5.) That tolling aside, McBride still filed his habeas petition ten months beyond the limitation period. (*Id.* at 5-6.) The Court also found that McBride was not entitled to equitable tolling. (*Id.* at 6.)

2

McBride argues in his Demand to Reconsider that the Court did not adequately consider the alleged controversy surrounding when the Final Order dismissing his state habeas petition was entered. He contends that the judge presiding over his first state court habeas petition, as well as his appointed counsel and the Assistant Attorney General in that proceeding, committed "fraud and perjury" to the Virginia Supreme Court regarding when the order in that proceeding became final. (Demand to Reconsider 1-2.)

### B. Analysis

Some confusion as to the date of entry of the Final Order exists. Respondent takes the position that the Final Order was entered on December 1, 2006. (Resp't Br. Supp. Rule 5 Ans. & Mot. to Dismiss 4.) This Court used December 1 in making its November 2008 determination as to tolling periods. Indeed, December 1st is the date written on the Final Order above Judge Klein's signature: "Entered this 1 day of December 2006." (*Id.* Ex. D.)

However, a copy of the Final Order in this record stamped "Received - Criminal Litigation Section, Office of the Attorney General" bears a date of December 14, 2006. (*Id.*) That copy of the Final Order also bears a stamp certifying it as a copy teste by the Clerk of the Circuit Court of Fairfax County dated December 13, 2006. (*Id.*) McBride contends this suggests fraud, and that this Court erred in resting its earlier decision as to tolling on a December 1, 2006 date.[2]

---

[2] A letter from Judge Klein to McBride dated January 3, 2007, addresses this point. The letter states, "When Mr. Frey [the Clerk of the Circuit Court] wrote to you on December 7, 2006, he was obviously unaware of the fact that I had entered the final order in this case on December 1, 2006, as entry of the order had not yet been entered on the court's computer system." (Demand for Relief Ex. 9.) (Docket No. 42.)

3

The Court finds otherwise. While recognizing that some ambiguity exists as to the exact date of entry of the Final Order at issue below, nothing on this record suggests fraud or perjury. In any event, the timing is of no moment. Even if the Final Order were not entered into the Circuit Court's computer system on December 1, 2006, the latest it could have been available from the Circuit Court Clerk's Office was December 14, 2006. Ambiguity surrounding the exact date of entry of the Final Order dismissing McBride's state habeas petition would have no effect on this Court's finding that his federal habeas petition is time-barred. Even accepting the facts in the light most favorable to Petitioner, an additional two weeks of tolling does not overcome his missing the statute of limitations period by ten months.

C. **Conclusion**

To the extent that Petitioner seeks to have this Court amend its judgment, the Court notes that the record indicates some ambiguity surrounding the date on which his state habeas petition was no longer pending. That ambiguity, however, does not rise to the level of "fraud and perjury" as alleged by McBride in his Petition and Demand to Reconsider, and it does not change the ultimate finding of this Court that Petitioner's federal habeas petition is time-barred. Therefore McBride's "Demand to Reconsider" shall be DENIED.

II. **Motion for Relief Under Rule 60(b)**

McBride has also filed a Demand for Relief. (Docket No. 42.) This motion shall be construed as a motion for relief from a judgment or order under Rule 60(b).[3] Because McBride

---

[3] Rule 60(b) states:
    On motion and just terms, the court may relieve a party or its legal representative
    from a final judgment, order, or proceeding for the following reasons:
        (1) mistake, inadvertence, surprise, or excusable neglect;
        (2) newly discovered evidence that, with reasonable diligence, could not have
            been discovered in time to move for a new trial under Rule 59(b);

does not specify which subsection of Rule 60(b) he relies on, the court will consider the motion to be one for "fraud" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3), 60(b)(6).

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding. Most fundamentally, it is an extraordinary remedy requiring a showing of extraordinary circumstances. *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). The party seeking relief under Rule 60(b) must cross the "initial threshold," showing "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Id.* at 48 (*quoting Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)).

### A. Background and Analysis

#### 1. State Motion to Reconsider

McBride suggests that the ambiguity regarding the date of entry of the Final Order in his state case had an effect on the statute of limitations for his federal habeas petition, because he filed a Motion to Reconsider Judge Klein's Final Order, which Judge Klein denied on January 3, 2007. (Demand for Relief Ex. 1.) Judge Klein denied that motion "on its merits and for lack of jurisdiction." (*Id.*) Petitioner represents that Judge Klein retained jurisdiction over his state habeas petition for twenty-one days after entry of the Final Order, and therefore Judge Klein

---

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

disclaimed jurisdiction because McBride filed his Motion to Reconsider more than twenty-one days after December 1, 2006. (*Id.* at 2.) Thus, presuming entry were closer to December 14, 2006, McBride argues that Judge Klein erred in claiming to lack jurisdiction over McBride's state habeas petition as of January 3, 2007, the date on which he dismissed McBride's Motion to Reconsider. (*Id.* at 3.)

This argument is unavailing, however, because the record shows that the motion was dismissed *on the merits* as well as for lack of jurisdiction. (Demand for Relief 1.) McBride's argument falters because Judge Klein did not rest his decision solely on lack of jurisdiction, so any ambiguity as to timing is not determinative. Morever, even if the statute of limitations tolled for the period his Motion to Reconsider was pending in the Circuit Court, an additional 33 days of tolled time (from December 1, 2006, until January 3, 2007) would not overcome the ten-month period by which he exceeded proper filing time in this case.

### 2. State Appeal

McBride also claims he should be entitled to additional tolling because "Respondent is asking this court to ignore the time the case would have been suspended had the situation with the perjury not occurred and petitioner been able to file and [sic] appeal to the Virginia Supreme Court." (Demand for Relief 1.) McBride cannot show that his state habeas petition would have remained pending on appeal beyond December 2006. A letter dated March 29, 2007, from Douglas Robelen, the Chief Deputy Clerk of the Supreme Court of Virginia ("the Robelen letter"), demonstrates why the alleged irregularities of the entry of Judge Klein's Final Order would make no difference in the tolling of the statute of limitations. McBride highlights Mr. Robelen's statement, "[Y]our notice [of appeal from Judge Klein's December 1, 2006 Order],

while filed, was untimely, a fatal jurisdictional defect. You had 30 days from the circuit court's December 1, 2006 order to file your notice of appeal; however, your notice was dated January 9, 2007, and was not filed until January 17." (Pet'r's Resp. to Resp't's Mot. Dismiss Ex. A.) Thus, McBride suggests that his notice of appeal would have been timely if Judge Klein's order was actually entered on December 13 or 14, rather than on December 1. Under this view, McBride's state habeas petition would have remained pending on appeal after December 2006, and his current federal habeas petition may have not been time-barred. (Demand for Relief 1.)

However, the Robelen letter also includes this observation: "[E]ven if you had filed your notice of appeal on time, you have failed to file a petition for appeal in this Court within the time allotted by Rule 5:17 (three months from the date of the final order). To perfect an appeal to this Court you must **timely** file a notice of appeal in the circuit court **and** file a petition for appeal in this Court." (Pet'r's Resp. to Resp't's Mot. Dismiss Ex. A (emphasis in original).) The record indicates that McBride never filed a petition for appeal in the Supreme Court of Virginia regarding the dismissal of his state habeas petition. Therefore, McBride's argument that his state habeas action would have remained pending but for the questionable date of entry of the Final Order is unavailing. This is true because McBride never filed a petition in the Supreme Court of Virginia, meaning his state habeas petition would not have remained pending even if his notice of appeal to the Circuit Court were timely filed.

### B. Conclusion

Because Judge Klein denied McBride's Motion to Reconsider on the merits, and because McBride failed to file a Petition for Appeal in the Virginia Supreme Court, McBride's Demand for Relief fails. No fraud or misconduct exists on this record, and no extraordinary

circumstances warranting relief from this Court's Order exist. For the reasons discussed above, McBride's Demand for Relief pursuant to Rule 60(b) will be DENIED.

### III. Request for an Evidentiary Hearing

McBride contends that this Court erred in failing to conduct an evidentiary hearing when evaluating his habeas petition. McBride's argument that his federal habeas case required an evidentiary hearing to assess the credibility of Judge Klein in order to decide whether his federal habeas petition was timely also provides no ground for relief. (Demand for Relief 1.) Because McBride's federal habeas petition would be time-barred whether Judge Klein's Final Order was entered on December 1, 2006, or on some other date in December of 2006, this Court need not have made any such credibility determination. An evidentiary hearing was, and still is, unnecessary. McBride's request for an evidentiary hearing will be DENIED.

### IV. Order for Rehearing and Reconsideration

Finally, McBride has filed an "Order for Rehearing and Reconsideration." (Docket No. 44.) In this document, McBride advances an argument that the Respondent's position that his federal habeas petition was time-barred is inconsistent with Respondent's position that Petitioner failed to exhaust his state claims.

This contention does not provide an avenue for relief on reconsideration. This Court did not rely on Respondent's arguments that McBride's claims are simultaneously exhausted and defaulted for purposes of federal habeas review in its November 3, 2008 Memorandum Opinion dismissing the Petition. (Resp't Br. Supp. Rule 5 Ans. & Mot. to Dismiss 7-8.) It was unnecessary for this Court to address the merits of Respondent's exhaustion and default

arguments previously, and it will not do so now. McBride's "Order for Rehearing and Reconsideration" will be DENIED.

### IV. Conclusion

McBride has alleged no circumstances warranting relief under either Rule 59(e) or Rule 60(b). The arguments he advances in his post-judgment motions, as well as the claims in his Petition, are not properly cognizable under federal habeas review. He challenges the propriety of his state postconviction proceedings, alleging "fraud and perjury" on the part of Judge Stanley Klein and attorney Richard Gardiner, as well as Assistant Attorney General Alice Armstrong. (*See, e.g.*, Pet. 6-7; Demand to Reconsider 1-2; Demand for Relief 1-3.) However, his argument pertaining to the apparent irregularities associated with the Final Order dismissing his state habeas petition does not present a cognizable claim, either in a Petition or on reconsideration. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal *habeas corpus* relief.").

Accordingly, McBride's "Demand to Reconsider" (Docket No. 35), "Demand for Releif" (Docket No. 42), and "Order for Rehearing and Reconsideration" (Docket No. 44) will be DENIED. McBride's "Order for Production of Documents and Complete Transcript" (Docket No. 47) will be DENIED AS MOOT. An appropriate Order shall enter.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 1/21/09