IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN DAVID MCBRIDE,

      Petitioner,

v.                                   Civil Action No. 3:08cv246

GENE M. JOHNSON,

      Respondent.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on November 4, 2008, this Court denied Petitioner John David McBride's[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") for failure to comply with the relevant statute of limitations.[2] (Docket Nos. 33, 34.) On April 18, 2012, McBride filed a Motion to Vacate (Docket No. 76), asserting that "Respondent committed fraud to this court knowingly and willfully." (Mot. Vacate 1.)[3] McBride contends that the Court based its dismissal of his § 2254 Petition as untimely on Respondent's "fabricated dates" and that his petition was in fact timely. (Mot. Vacate 3.)[4]

In his Motion to Vacate, McBride fails to specify a rule or law authorizing relief. McBride failed to file the Motion to Vacate within the time limit prescribed by Federal Rule of

---

[1] McBride is a Virginia inmate proceeding *pro se*.

[2] *See* 28 U.S.C. § 2244(d).

[3] Because McBride failed to number the pages in his Motion to Vacate, the Court will refer to the pages as numbered by CM/ECF.

[4] Because the Motion to Vacate focuses on this Court's application of the statute of limitations, it is not a successive § 2254 petition. *Johnson v. Kelly*, Nos. 3:10CV086, 3:07CV731, 2010 WL 1172646, at *1 (E.D. Va. Mar. 23, 2010) (*citing Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005)).

Civil Procedure 59(e).[5] Thus, the Court regards the Motion to Vacate as a motion pursuant to

Federal Rule of Civil Procedure 60(b). *See Laurenco v. Bowen*, No. 88-2170, 1989 WL 5430, at

*1 (4th Cir. Jan. 21, 1989) (holding that motions for reconsideration of a judgment filed outside

of the time period allotted for Rule 59(e) are properly construed as motions pursuant to Rule

60(b)); *Boudreau v. Collins*, No. 88-6815, 1989 WL 106950, at *1 (4th Cir. Sept. 18, 1989)

(same). Because the Motion to Vacate challenges this Court's judgment based on Respondent's

alleged fraud, the Court regards his Motion to Vacate as a motion pursuant to Rule 60(b)(3).[6]

The Federal Rules of Civil Procedure require Rule 60(b)(3) movants to file their motions

"no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.

R. Civ. P. 60(c)(1). McBride challenges this Court's November 4, 2008 Memorandum Opinion

and Order. Thus, Rule 60(c)(1) required McBride to file any Rule 60(b)(3) motion by Thursday,

November 5, 2009. McBride filed the Motion to Vacate on April 18, 2012. Accordingly, the

Court will DENY McBride's Motion to Vacate as untimely.

McBride has also submitted two letters requesting a hearing on his Motion to Vacate.

(Docket Nos. 77, 78.) Because the Court denies the Motion to Vacate as untimely, the Court will

also DENY McBride's requests for hearing.

Because the Court has received multiple letters from McBride requesting court action, the

Court admonishes McBride of the following:  (1) A request for a court order must be made by

motion and filed with the Clerk's Office. Fed. R. Civ. P. 7(b). (2) Any motion must be in

writing, include an appropriate caption, state with particularity the grounds for seeking the order

and the relief sought, and include a signature. Fed. R. Civ. P. 7(b), 10(a), 11(a). (3) Motions

---

[5] This rule requires that movants file any motion to alter or amend a judgment pursuant Rule 59(e) "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

[6] "[T]he court may relieve a party . . . from a final judgment . . . for the following reasons: . . . **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . ." Fed. R. Civ. P. 60(b).

must "be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies."[7] E.D. Va. Loc. Civ. R. 7(F)(1). (4) Finally, motions and briefs must contain a proper Certificate of Service, certifying that McBride mailed the motion and/or brief to opposing counsel or otherwise met the requirements of Federal Rule of Civil Procedure 5.

Although McBride's *pro se* status makes him "entitled to some deference," it does not relieve him of his duty to abide by the rules and orders of this Court. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). The Court warns McBride that it will not consider future documents submitted that fail to comply with the federal and local rules. Such motions will be summarily denied.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). McBride fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.

An appropriate Order shall issue.

/s/

M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 9-11-12

_____
[7] McBride must identify the rule or statute that authorizes the relief he seeks. To the extent McBride seeks relief under Federal Rule of Civil Procedure 60(b), he must identify the subsection of Rule 60(b) that governs his motion and demonstrate an entitlement to relief under that subsection.