IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN DAVID MCBRIDE,

    Petitioner,

v.                                             Civil Action No. 3:08cv246

GENE M. JOHNSON,

    Respondent.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on November 4, 2008, this Court denied Petitioner John David McBride's[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for failure to comply with the relevant statute of limitations.[2] *McBride v. Johnson*, No. 3:08cv246, 2008 WL 4809857, at *4 (E.D. Va. Nov. 4, 2008). On April 18, 2012, McBride filed a Motion to Vacate, asserting fraud. (ECF No. 76.) Construing the Motion to Vacate as filed pursuant to Federal Rule of Civil Procedure 60(b)(3),[3] the Court dismissed the Motion to Vacate as untimely. *McBride v. Johnson*, No. 3:08cv246, 2012 WL 3985577, at *1-2 (E.D. Va. Sept. 11, 2012). On February 1, 2013, McBride filed yet another Federal Rule of Civil Procedure 60(b)(3) Motion ("Rule 60(b) Motion") alleging fraud based upon the state court's purported refusal to provide McBride with documents. (Rule 60(b) Mot. 1.)

The Federal Rules of Civil Procedure require Rule 60(b)(3) movants to file their motions "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.

---

[1] McBride is a Virginia inmate proceeding *pro se*.

[2] *See* 28 U.S.C. § 2244(d).

[3] "[T]he court may relieve a party . . . from a final judgment . . . for the following reasons: . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . ." Fed. R. Civ. P. 60(b).

R. Civ. P. 60(c)(1). McBride challenges this Court's November 4, 2008 Memorandum Opinion and Order. Thus, as stated in the Court's previous Memorandum Opinion and Order, Rule 60(c)(1) required McBride to file any Rule 60(b)(3) motion by Thursday, November 5, 2009. *See McBride*, 2012 WL 3985577, at *1. McBride filed the present Rule 60(b) Motion on February 1, 2013. Accordingly, the Court will DENY McBride's Rule 60(b) Motion as untimely.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). McBride fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.

An appropriate Order shall issue.

/s/  
M. Hannah Lauck  
United States Magistrate Judge

Richmond, Virginia  
Date: 5/28/13